ADAM DAILEY, Appellant, v. BLACK & NIXON, et al.,
Respondents.

Kansas City Court of Appeals, February 10, 1902.

**Bailment: CARE OF BAILOR: INSTRUCTION: EVIDENCE: AP-
PELLATE PRACTICE.** Defendants received plaintiff's horse at
their stable to treat him for colic. He was stolen with or without
the connivance of the person in charge. The instruction required
the defendants to exercise such care as a prudent person would un-
der like circumstances and placed the *onus* to show such care on
the defendants and the jury found for the defendants. *Held*, the
appellate court can not disturb the verdict, since there was evi-
dence to support it.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,*
Judge.

AFFIRMED.

*A. M. Allen, W. F. Allen* and *J. E. Trogdon* for ap-
pellant.

(1)   A depositor makes out a prima facie case, when he
shows a deposit made and a demand and refusal of the thing
deposited.   Kincheloe v. Priest, 89 Mo. 243; Arnot v. Bran-
conier, 14 Mo. App. 434; Huxley v. Hartzell, 44 Mo. 370;
Wiser v. Chesley, 53 Mo. 547.   (2)   The onus is then placed
upon the depositary to exonerate himself from liability, which
attached when he assumed the custody of the article with which
he was entrusted.   Wiser v. Chesley, 53 Mo. 550; Arnot v.
Branconier, 14 Mo. App. 431.   (3)   A refusal to deliver up
a chattel to the owner on demand, without lawful excuse, is a
conversion.   O'Donoghue v. Corby, 22 Mo. 393; Kincheloe v.

Priest, 89 Mo. 243; Allgear v. Walsh, 24 Mo. App. 139; Laughlin v. Barnes, 76 Mo. App. 262; Taussig v. Schields, 26 Mo. App. 327.

*C. W. Chase* and *T. M. Noble* for respondents.

(1) An appellate court will not interfere by usurping the province of the jury to weigh the evidence and pass on the credibility of the witness. Clark v. Shrimski, 77 Mo. App. 166. On the proposition that the burden of proof was upon the plaintiff in this case we cite McCarty v. Wolfe, 40 Mo. 520; Winston v. Taylor, 28 Mo. 86; Casey v. Donovan, 65 Mo. App. 521; Lee v. Knapp & Co., supra; O'Hara v. Railroad, 95 Mo. 662; Schroeder v. Railway, 108 Mo. 322.

BROADDUS, J.—The cause was tried before the court sitting as a jury. The finding and judgment were for the defendants from which the plaintiff appealed.

The suit is for the conversion of a horse valued at $100. The facts were that the horse of the plaintiff was taken to the stable of the defendants in Kansas City, Missouri, for treatment, they being veterinary surgeons; that said horse was received in the nighttime of about the fifteenth of August and placed in a strong stall adapted to horses having the colic; that the animal improved during the night and at about five o'clock the next morning, when plaintiff's brother went to the stable, he was informed that the horse was "all right;" that he wanted to take the horse away with him but the person in charge refused to let him have the animal on the ground that he could not do so without an order from the proprietor; that shortly afterwards, said plaintiff's brother again went to the stable, but found that the horse was gone.

The evidence was to the effect that the fastenings and other conditions of the stall were of such nature as to preclude the theory that the horse could have escaped of himself, but

that he must have been taken. The defendant Black and his two employees were unable to account for the manner in which the animal disappeared.

There does not appear to have been any negligence on the part of the defendants in endeavoring to safely keep the horse. He must have been stolen either with or without the connivance of the persons in charge of the stable. But as there was no evidence that either the defendants or their employees were *particeps criminis,* we do not see how the court could have found otherwise than it did.

The court declared the law of the case to the effect that, if the defendants failed to exercise surh care as a prudent person would have exercised under such circumstances, the verdict must be for plaintiff. The court further placed the onus on defendants to show that they had exercised reasonable care. Certainly, the instructions given for plaintiff were of the most liberal character. We are not called upon to determine whether they were correct declarations of law, but it is safe to say that plaintiff could not have been injured thereby. The court heard the case, saw the witnesses on the stand, weighed their credibility, and the force of their testimony, and made its findings and judgment accordingly. We can not see how the result, under the evidence, could have been otherwise than what it was.

Cause affirmed. All concur.